The document below is hereby signed.

Signed: June 07, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RICARDO ANDRES BOPP and | ) | Case No. 10-00121 |
| DANIELA IVONNE BOPP, | ) | (Chapter 13) |
| | ) | Not for Publication in |
| Debtors. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND INTERIM
ORDER RE MOTION TO VACATE DISMISSAL ORDER OR
TO MAKE THE DISMISSAL A DISMISSAL WITHOUT PREJUDICE

By an order entered on April 20, 2010, the court dismissed this case with prejudice for 180 days.  On June 2, 2010, the debtors filed a motion to vacate the order of dismissal or alternatively to amend the order of dismissal to make the dismissal one without prejudice.  The chapter 13 trustee has opposed the motion.  I will deny the motion with respect to the request to vacate the dismissal of the case, but I will further evaluate the request to amend the order of dismissal to make the dismissal one without prejudice.

I

The motion has not been served on affected creditors with notice of an opportunity to oppose the motion.  The debtors filed

a sheet of paper that the clerk treated as intended to be a mailing matrix.  It was a sheet of paper, without any coversheet signed by the debtors, listing Capital One.  The debtors never filed a mailing matrix coversheet verifying the accuracy of the mailing matrix as including all entities required to be listed under Fed. R. Bankr. P. 1007(a)(1) and 1008.  Even at this late date the debtors have not bothered to correct this glaring deficiency even though they were notified of the deficiency at the outset of the case.  In a new chapter 11 case, Case No. 10-00527, filed by the debtors in this court despite the bar against re-filing, the debtors have listed five additional creditors.  There appear to be creditors who never received notice of this case.  Before the court would hold an evidentiary hearing on the debtor's motion, it would be necessary for the debtors to file a complete and accurate mailing matrix and list of creditors, and to give notice to creditors of the opportunity to oppose the motion.

II

On the merits, the motion must be denied, without the necessity of an evidentiary hearing, as to the request to vacate the dismissal, and I reserve for later determination whether the same is true with respect to the alternative request for amendment of the order to make the dismissal without prejudice.

The request to vacate the dismissal order must be denied

because of the automatic dismissal provisions of 11 U.S.C. § 521(i) which the trustee noted in her motion to dismiss would mandate dismissal once the debtors failed by the 45th day after the commencement of the case to file the documents required by 11 U.S.C. § 521(a).  The case was commenced on February 9, 2009, and became subject to automatic dismissal under § 521(i) when the debtors had still failed 45 days after the commencement of the case, or on March 26, 2010, to file documents required by § 521(a).  The case must remain dismissed pursuant to the trustee's invocation of § 521(i).

                                III

In accordance with the foregoing, it is

ORDERED that the debtors' motion is denied to the extent that it seeks to vacate the order of dismissal.  It is further

ORDERED that with respect to the motion's request that the order be amended to make the dismissal one without prejudice, a hearing will be held on July 16, 2010, at 11:00 a.m. unless the motion is denied on the merits beforehand or denied because the debtors fail to comply with the next paragraph of this order.  It is further

ORDERED that by June 25, 2010, the debtors shall file:

> (1) a verified mailing matrix and list of entities required to be listed under Fed. R. Bankr. P. 1007(a)(1), utilizing for any creditor who has filed a proof of claim

the address for notices listed on the proof of claim;

   (2) a notice to such entities, sending them a copy of the notice of the commencement of the case and a copy of the debtors' motion, and notifying them that:

      (a) the debtors commenced a bankruptcy case, as reflected by the notice of the commencement of the case, on February 9, 2009, but the case has been dismissed with prejudice for 180 days pursuant to an order entered on April 20, 2010;

      (b) on June 2, 2010, the debtors filed a motion (a copy of which is included with the notice) to vacate the dismissal order or, alternatively, to amend the dismissal order to make the dismissal order one without prejudice;

      (c) the court has denied the motion insofar as it seeks to vacate the dismissal order but the court has not yet ruled on the motion to amend the order to make the dismissal one without prejudice;

      (d) unless the court denies the motion to amend beforehand, a hearing will be held on July 16, 2010, at 11:00 a.m. on that motion to amend the dismissal order to make the dismissal one without prejudice; and

      (e) creditors may file an opposition to the motion

>      before the hearing or may appear at the hearing to
>
>      oppose the motion; and
>
>      (3) a certificate of mailing of the notice and of
>
> copies of the notice of the commencement of the case and of
>
> the debtors' motion.

It is further

   ORDERED that if the debtors fail to comply with the
preceding paragraph, the court will deny the debtors' motion
(insofar as it seeks to amend the dismissal order).

                                    [Signed and dated above.]

Copies to: Debtors [by manual mailing as well as by BNC];
Debtors' attorney; Chapter 13 Trustee; Martha Davis, Esq., Office
of United States Trustee; all entities on BNC mailing list.